UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00243-MOC-DLH

| | | |
|---|---|---|
| **UNITED SUBCONTRACTORS, INC. D/B/A USI SOUTHERN FOAM,** | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) ) | TEMPORARY RESTRAINING ORDER |
| **MICHAEL C. SIMONS,** | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (#2). The court has expedited consideration of this request given the time-sensitive nature of plaintiff's Motion, the recent nature of the alleged violation, and the gravity of the harm outlined in the pleadings.

I.

Applications for issuance of a TRO are governed by Fed. R. Civ. P. 65(b)(1), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. The Court notes that "the issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

In evaluating a request for a TRO, the court considers the same factors applied for a preliminary injunction. Pettis v. Law Office of Hutchens, Senter, Kellam & Pettit, No. 3:13-CV-00147-FDW, 2014 WL 526105, at *1 (W.D.N.C. Feb. 7, 2014) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F. 3d 411 (4th Cir. 1999)). In assessing such factors, plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in its favor; and (4) the injunction is in the public interest. League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014), cert. denied, 135 S. Ct. 1735, 191 L. Ed. 2d 702 (2015) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

II.

The Court has closely read the Complaint (#1), the exhibits attached thereto (including the Restrictive Covenant Agreement, hereinafter "the agreement") and the arguments stated in the instant motion. The Court finds that plaintiff has, at least initially, made the required showing.

As to the first consideration, the Court finds ample evidence that supports plaintiff's contention that defendant has violated the agreement. Specifically, the agreement provided that defendant would keep plaintiff's confidential information confidential if he left the company, as well as refrain from soliciting customers and employees on behalf of a competitor. The Complaint and the exhibits annexed to the motion provide the Court with reason to believe that defendant has professed an intent to use confidential knowledge of USI's customer base to gain business for his

new employer, and has attempted to solicit other USI employees. Plaintiff would likely succeed at trial as it has proffered evidence that, if accepted by a jury, would support a claim that defendant breached the agreement. The first consideration is thus satisfied.

As to the second consideration, the Court finds that plaintiff will likely suffer irreparable harm absent an injunction inasmuch as its confidential customer information and/or trade secrets are likely to be utilized by a direct competitor. Once that type of material is exposed, especially to a competitor, a competitor could have an unfair advantage in the marketplace which could well exceed the new employee's tenure, as it would then be privy to valuable information about plaintiff's customer base it could use to an advantage. Indeed, defendant conceded in the agreement that a violation of that contract would induce immediate and irreparable harm to plaintiff. The second factor is satisfied.

As to the third factor, the balance of hardships weighs in favor of issuing the TRO. While this Court is sensitive to the need for employees to continue to work even after they leave an employer, and issuance of a TRO may well result in defendant losing his present job, it appears that he not only took the job within the period of exclusion, but brought confidential information with him, which may well constitute a taking or misappropriation under both federal and state law. Though defendant may stand to lose income from his new employer during the brief TRO, his continued violation of the agreement stands to harm plaintiff permanently through the loss of customers, which could well result in other employees of plaintiff losing their jobs. The balance of hardships is struck in favor of issuing the TRO.

Finally, the Court has considered where the public interest lies. The public has an interest in people being able to work, but it also has an interest in the enforcement of lawful employment

agreements and the protection of confidential information. The Court can find no indicia at this point that this was an overly broad or burdensome contract, one that was forced on defendant, or one that was not supported by consideration. Further, as to the alleged misappropriation of confidential information, the public has a compelling interest in assuring that such information is protected, as both federal and state law make provision for preservation of those property interests. This factor weighs in favor of the issuance of a TRO.

III.

The Court concludes that a Temporary Restraining Order is an appropriate initial remedy as the applicant is in need of immediate relief. Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.). Issuance of this Order *ex parte* is necessitated by the gravity of the harm alleged. Based on consideration of all the factors, the requested TRO will issue. The Motion for Temporary Restraining Order is converted to a Motion for Preliminary Injunction, which will be heard as provided below. Toro Co. v. Textron, Inc., 703 F. Supp. 417, 418 (W.D.N.C. 1987).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for a Temporary Restraining Order (#2) is **GRANTED** and a **TEMPORARY RESTRAINING ORDER** is issued restraining defendant **MICHAEL C. SIMONS** from:

(1) using or disclosing any of USI's confidential information;

(2) soliciting or accepting business from, or providing products or services to, any customer, prospective customer, or vendor of USI; and

(3) competing with USI during the life of this Order.

Defendant is advised that violation of any term of this Order could result in a finding of contempt. Defendant is further advised that it would be beneficial to retain counsel and to have counsel represent him at the hearing on the Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that in accordance with Rule 65(b)(2), this Order shall expire at the conclusion of the hearing on the Motion for Temporary Restraining Order, which is converted to a Motion for Preliminary Injunction, and the hearing on the Motion for Preliminary Injunction shall be **CALENDARED** by the Clerk of Court for an adversarial hearing not later than 14 days from the issuance of this order. At said hearing, the court shall also consider Plaintiff's Motion for Expedited Discovery (#3).

**IT IS FURTHER ORDERED** that the plaintiff deposit with the Clerk of Court security in the amount of $5,000.00, which the Court finds as reasonable to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained, as provided in Rule 65(c).

The United States Marshal is directed to personally serve this Temporary Restraining Order on the defendant:

> Mr. Michael C. Simons
> 71 Hickory Knob Road
> Franklin, NC 28734

Costs for such service shall be paid by plaintiff.

This Order is issued at 4 p.m. on September 7, 2017, in Asheville, North Carolina.

Signed: September 7, 2017

Max O. Cogburn Jr
United States District Judge