UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00243-MOC-DLH

| | |
|---|---|
| **UNITED SUBCONTRACTORS, INC. d/b/a USI SOUTHERN FOAM,** ) ) ) Plaintiff, ) ) Vs. ) ) **MICHAEL C. SIMONS,** ) ) Defendant. ) | ORDER |

**THIS MATTER** is before the court on plaintiff's "Stipulation of Dismissal" (#17), to which is annexed a proposed "Consent Order for Injunctive Relief." (#17-1). There are a number of problems with this filing.

In the Rule 41(a)(1)(ii) Stipulation of Dismissal, the plaintiff asks the court to enter the "Consent Order for Injunctive Relief" and to maintain jurisdiction to enforce that Order. This is problematic for two reasons: (1) a stipulation of dismissal, once filed, divests this Court of any jurisdiction as the stipulation terminates the action; and (2) both the Federal Rules of Civil Procedure and the Local Civil Rules require that any request for Court action be made in the form of a motion.

First, a voluntary dismissal under Rule 41(a)(1) is "a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (internal quotation marks omitted). A voluntary dismissal acts as if no action was brought at all. Id. After an action is

voluntarily dismissed, a court "lacks authority to conduct further proceedings on the merits." Id. at 480. Further, a "judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1) notice of dismissal is indeed void." Jackson v. United States, 245 Fed. Appx. 258, 259 (4th Cir. 2007) (citation omitted).

Second, any request for relief from the Court must be by motion, LCvR 7.1, inasmuch as a "Stipulation" or "Notice" does not create a trackable event in ECF that would alert the Court that action is required. Indeed, had it not been for alert staff, this Stipulation of Dismissal would have resulted in the Clerk of Court immediately terminating this case.

***

Putting those missteps aside, it is clear that the plaintiff seeks a dismissal of this action subject to certain conditions imposed by the Court. The Court is happy to accommodate that request, which is governed by Rule 41(a)(2) not Rule 41(a)(1). While Jackson teaches that jurisdiction to do anything is lacking at this point as a Rule 41(a)(1) dismissal has been filed, the Court finds that the plaintiff's filing may well have been inadvertent. By no later than 12 noon today, plaintiff may file a "Notice of Withdrawal of Stipulation" and, simultaneously, a "Motion to Dismiss Pursuant to Rule 41(a)(2)" attaching thereto the proposed Consent Order. Plaintiff is also advised that any proposed Consent Order must be submitted to Chambers via CyberClerk as provided in the Local Civil Rules.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff is allowed up to 12 noon today to file a "Notice of Withdrawal of Stipulation" and, simultaneously, a "Motion to Dismiss Pursuant to Rule 41(a)(2)" attaching thereto the proposed Consent Order.

Signed: November 8, 2017

Max O. Cogburn Jr
United States District Judge